**ORIGINAL**

# United States District Court

## SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

**v.**

**RICKIE RAREY**

## CRIMINAL COMPLAINT
### *(SEALED)*
CASE NUMBER: 1:09-mj-206

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. In or about December, 2008 in Bartholomew County, in the Southern District of Indiana, the defendant did employ, use, persuade, induce, entice, or coerce any minor, that being JANE DOE 2, to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and did produce those visual depictions using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce.

Count 1 - Sexual exploitation of children

in violation of Title 18, United States Code, Section 2251(a). I further state that I am a Special Agent and that this complaint is based on the following facts:

See attached Affidavit

**Continued on the attached sheet and made a part hereof.**

**Emily Odom, Special Agent**
**Federal Bureau of Investigations**

**Sworn to before me, and subscribed in my presence**

July 10, 2009
**Date**

Kennard P. Foster, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

at     Indianapolis, Indiana
**City and State**

**Signature of Judicial Officer**

## **AFFIDAVIT**

I, Emily A. Odom, having been duly sworn according to law, depose and state as follows:

1.        I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed since June 25, 2006. I am assigned to the Cyber Squad and have received training in conducting Cyber investigations, including, but not limited to, the Sexual Exploitation of Children.

2.        I am the Indianapolis Division's Crimes Against Children Coordinator and I attended the 6th Annual Internet Crimes Against Children Conference in San Jose, California this in October of 2007. I am also a member of the Indiana Internet Crimes Against Children Task Force, which includes numerous federal, state and local law enforcement agencies.

3.        Before joining the FBI, I earned a Masters of Science degree, majoring in Computer and Information Science. I worked professionally as a Systems Analyst for approximately two years and a Software Developer for approximately four years.

4.        As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

5.        I am submitting this affidavit in support of a Criminal Complaint charging RICKIE L. RAREY ("RAREY") with one (1) count of Sexual Exploitation of Children by producing child pornography in violation of 18 U.S.C. § 2251(a).

6.        Because this affidavit is being submitted for the limited purpose of securing a Criminal Complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that RAREY violated 18 U.S.C. § 2251(a). Where statements of others are set forth in this affidavit, they are set forth in substance and in part. In pertinent part, 18 U.S.C. §

2251(a) prohibits any person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct if that visual depiction was produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce.

7.      In October 1993, RAREY pled guilty to three (3) counts of Child Molestation, a Class "C" Felony, in the Bartholomew County, Indiana, Circuit Court, for molesting a minor female under twelve (12) years of age by rubbing her vagina on three separate occasions, in violation of Indiana Criminal Code 35-42-4-3. RAREY is a registered sex offender through the current date.

8.      On April 19, 2009, a report was made to the Indiana Department of Children's Services (DCS) that JANE DOE 1, a minor female less than ten (10) years of age, had been molested by RAREY. The custodial parent of JANE DOE 1 allowed RAREY to babysit JANE DOE 1, as well as her other minor children, including at his home and on overnight stays.

9.      On April 20, 2009, JANE DOE 1 was interviewed by Detective Chris Roberts of the Bartholomew County Sheriff's Department. JANE DOE 1 disclosed that RAREY had touched her on her genitals and breasts and that he had given her and her younger sister, JANE DOE 2, baths at his residence.

10.     On April 20, 2009, JOHN DOE, JANE DOE 1 and 2's brother, a minor male under twelve (12) years of age, was also interviewed by Det. Roberts. JOHN DOE described witnessing a "game" that RAREY played with JANE DOE 1, in which RAREY would digitally

2

penetrate JANE DOE 1's anus. JOHN DOE also described seeing ropes on the bedposts of RAREY's bed, and stated that he had witnessed RAREY tie up JANE DOE 2 after she inquired about them.

11.      On April 28, 2009, JANE DOE 2 was interviewed by Det. Roberts.  JANE DOE 2 is a minor female currently under ten (10) years of age.  JANE DOE 2 stated that she and her siblings are frequently babysat by RAREY and that she refers to RAREY as "dad".  JANE DOE 2 disclosed that RAREY had touched her breasts and genitals, both over and under her clothing, and that she had witnessed RAREY doing the same to JANE DOE 1. JANE DOE 2 also disclosed that RAREY had videotaped her in the bathtub and taken pictures of her on his cell phone.

12.      On May 05, 2009, a search warrant was obtained by the Bartholomew County Sheriff's Department through the Bartholomew County Superior Court for the search of RAREY's residence located at 121 Oak Street, Apt. B, Columbus, Indiana, and the seizure of RAREY's cell phone, as described by JANE DOE 2, and RAREY's laptop computer.  The search warrant was executed that same day and a cell phone and laptop computer belonging to RAREY were seized.

13.      RAREY was at his residence during the execution of the search warrant and agreed to a non-custodial interview with Det. Roberts.  During the investigative interview, RAREY admitted to having a close relationship with JANE DOEs 1 and 2 and JOHN DOE, and that JANE DOE 2 referred to him as "daddy".  RAREY stated that he very frequently babysat the children and that he had the most frequent contact with JANE DOE 2, who had stayed at his residence with him alone on occasion.  RAREY denied taking video or photographs of JANE

3

DOE 1 and 2 in the shower. He also denied touching JANE DOE 1 and 2 on the breasts or genitals.

14.     In late June 2009, Detective Robert Simpson of the Indiana State Police (ISP), who is detailed to the FBI Cyber Crime Task Force, was requested to do a forensic preview of RAREY's laptop computer. During the course of his forensic preview, Det. Simpson discovered numerous images depicting sexually explicit conduct involving a minor female readily identifiable as JANE DOE 2, to include the following:

i.     **1212081741.jpg**: JANE DOE 2 is nude, laying on her back on what appears to be dark sheets on a bed. Her hair is wet and pulled back, and her hands are folded over her abdomen. JANE DOE 2's legs are spread wide, clearly exhibiting her genitals.

ii.     **1212081743a.jpg**: JANE DOE 2 is nude, in what appears to be the same location as described above. She is laying on her back, with her legs spread wide. JANE DOE 2's arms are clasped under her legs, pulling them up towards her abdomen, and her fingers are pulling her vagina open for exhibition to the camera/in the image.

iii.     **1213081906.jpg**: JANE DOE 2 is nude, laying on her back in a bed with dark sheets, on top of what appears to be a multi-colored beach towel. She is tied at each wrist and ankle with white rope, and the rope is pulled tight such that her arms and legs are both spread wide. JANE DOE 2's mouth is covered over with what appears to be duct tape. JANE DOE 2's genitals are clearly exhibited.

15.     On July 01, 2009, Detectives Greg Duke and Chris Roberts of the Bartholomew

4

County Sheriff's Department interviewed RAREY at his new residence in Bloomington, Indiana. RAREY was advised of his rights pursuant to *Miranda v. Arizona* and agreed to speak with them. RAREY was shown many of the nude images of JANE DOE 2 recovered from his computer, including each of the images described above. RAREY admitted to having taken the images on his cell phone camera in "December of last year or maybe even earlier than that," and then transferring them to his laptop computer. RAREY stated the took the pictures at the request of JANE DOE 2. RAREY also admitted to having touched JANE DOE 2 on her vagina on more than one occasion. RAREY informed the detectives that the images were produced with a different cell phone camera than the one that was seized pursuant to the search warrant in May and he consented to the seizure of this other cell phone, an LG-brand "enV" cell phone.

16.     LG-brand cell phones are manufactured outside of the State of Indiana.

17.     Default file names of images produced on cell phone cameras commonly are a line of numerical digits designating the date and time an image was produced. For example, a file name of "1030081700.jpg" would indicate that the image file was created on October 30, 2008, at 1700 hours, or 5:00 p.m., unless such file name was manipulated by the user. The file names of each of the images depicting JANE DOE 2 engaged in sexually explicit conduct described in paragraph 12 above each start 12..08..., or December 2008. Along with RAREY's admission that the images may have been produced December of last year, it is likely that the images were, in fact, produced in December 2008.

18.     I have personally reviewed the images described above, and based on my training and experience, the images depict an actual minor engaging in sexually explicit conduct.

19.     Based on the aforementioned facts, your affiant respectfully submits that there is

5

probable cause to believe that RICKIE L. RAREY has violated 18 U.S.C. § 2251(a). In

consideration of the foregoing, your affiant respectfully requests that the United States District

Court issue a Criminal Complaint and arrest warrant for RICKIE L. RAREY.

20.     Because this investigation remains ongoing, I respectfully request that the

complaint, this accompanying affidavit, and the arrest warrant be sealed.

Emily Odom, Special Agent
Federal Bureau of Investigations

SUBSCRIBED TO AND SWORN BEFORE ME THIS 10th DAY OF JULY, 2009

Kennard P. Foster
U.S. Magistrate Judge

6