UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RICKIE RAREY, )
        Petitioner, )
)
vs. ) No. 1:15-cv-255-LJM-TAB
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

**Entry Dismissing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

**I. The § 2255 Motion**

For the reasons explained in this Entry, the motion of Rickie Rarey for relief pursuant to 28 U.S.C. § 2255 must be denied and the action dismissed for lack of jurisdiction. In addition, the Court finds that a certificate of appealability should not issue.

Mr. Rarey's motion to vacate filed on February 17, 2015, challenges his conviction in No. 1:09-cr-0130-LJM-KPF-1. The motion is before the Court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Courts*.

On February 12, 2010, the Court accepted Mr. Rarey's guilty plea to charges of sexual exploitation in No. 1:09-cr-0130-LJM-KPF-1. Judgment was entered on February 23, 2010.

On February 7, 2011, Mr. Rarey filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, asserting a claim of ineffective assistance of counsel and that he was unaware of the possible sentence. This Court denied the § 2255 motion on the merits on October 3, 2013, and denied a certificate of appealability. *Rickie L. Rarey v. United States,* No. 1:11-cv-

192-LJM-DKL (S.D. Ind. Oct. 3, 2013). Mr. Rarey appealed and the Seventh Circuit Court of Appeals denied his request for a certificate of appealability because it found no substantial showing of a denial of a constitutional right. *Rarey v. United States,* No. 13-3525 (7th Cir. May 9, 2014).

On February 17, 2015, Mr. Rarey filed this, a successive § 2255 motion. "Under the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), prisoners are entitled to a *single* unencumbered opportunity to pursue collateral review." *Vitrano v. United States,* 643 F.3d 229, 233 (7th Cir. 2011) (emphasis added). The AEDPA does not contemplate piecemeal or successive filings of post-judgment collateral challenges.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). This statute "is an allocation of subject matter jurisdiction to the court of appeals." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Id*.

With a prior § 2255 motion having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be summarily dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

**This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:09-cr-0130-LJM-KPF-1.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings,* and 28 U.S.C. §2253(c), the Court finds that Mr. Rarey has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 02/24/2015

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Rickie Rarey
No. 09273-028
Tucson USP
Inmate Mail/Parcels
P. O. Box 24550
Tucson, AZ 85734

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.